JUNE 2,
1875.

BROWN *v.* MARR.

*Trespass—Evidence.*

The plaintiff owned and occupied a barn and nine mows of hay therein. He sold the eighth mow to one M., and the ninth to the defendants, who occupied a portion of the barn by their horses with the plaintiff's permission. The plaintiff claimed that the defendants fed their horses from the other seven mows. The defendants' evidence tended to show that much of the hay purchased by them was of such poor quality that their horses would not eat it. *Held,* it was competent for the defendants to show that the hay in the eighth mow, purchased by M., being also of poor quality, the plaintiff told M. that the hay purchased by him was good hay; but if it was not, he might take hay from the other seven mows to make up for the defective hay in the eighth mow, and that M. did so, as tending to account for the missing hay in a manner consistent with the defendants' assertion of their innocence.

TRESPASS, for breaking and entering the plaintiff's close, and taking and carrying away ten tons of hay, &c. Plea, the general issue, accompanied with a brief statement of license from the plaintiff. It appeared in evidence that the defendants, by permission of the plaintiff, occupied a barn of the plaintiff's, situate upon the premises described in the writ, from December, 1870, to July, 1871, during which time the defendants kept in said barn several horses. The plaintiff had in said barn nine mows and one scaffold of hay. The scaffold and mow next adjoining on the east were purchased by the defendants. The mow next adjoining the one purchased by the defendants on the east was purchased by one Meserve. The plaintiff claimed and introduced evidence tending to show that the defendants' horses were so tied that they eat hay from his other seven mows, and were fed by the defendants from the top of the other seven mows.

The defendants contended and introduced evidence tending to show that a consid..ble part of the hay bought by them of Brown was poor, mouse-eaten, and smelled so badly that their horses refused to eat it. The plaintiff introduced evidence tending to show that the hay was all of good quality. The defendants denied that their horses had eaten into the plaintiff's other mows, or that they were fed from the other mows; and to show that whatever other hay was taken from the plaintiff's other mows was taken by others, and to show the quality of the hay purchased by them, they called said Meserve as a witness, who testified as follows: "I worked on the railroad in Ossipee in 1871. I bought a mow of hay of Adam Brown. I bought it for good hay; it was boarded up so that we could not see it in front [Brown said it was all good hay; that it was all alike in that mow; that if it was not, I might take off of the next mow or mows, I don't remember which, to make it up]; on top it looked like good hay. I took away a double-team load the first day; the next load was very good; then, when about half way down, I found it pale, fine, mouse-colored, and it smelled badly. My horses would not eat it; it would not pitch; it was mouse-eaten, and was not of much value. I called Brown's attention to it; showed it to him. He told me to take it off the next mow. My teamster said it was all mouse-eaten. Brown said,—' Do as I told you to when you bought it—get it off the next mow.' I got hay from the mow next cast of mine; part of it was like hay on top of my mow."

That part of the foregoing evidence within brackets was admitted, subject to the plaintiff's exception. Verdict for the defendants.

Case transferred.

*Quarles*, for the plaintiff.

*Copeland*, for the defendants.

*FOSTER, C. J., C. C. The plaintiff charged that the defendants' horses had eaten hay from one or more of seven mows in the plaintiff's barn, not including the two which had been sold, namely, one to the defendants and another to Meserve. The defendants denied this, and, in support and proof of their denial, undertook to show that whatever hay was taken from the plaintiff's other mows was taken by others, and not by themselves or their horses. They were therefore permitted to show that the plaintiff gave permission to Meserve to take hay from "off the next mow or mows," that is, from either of the other seven mows.

The evidence was clearly competent, as tending to account for the missing hay in a manner consistent with the defendants' assertion of their innocence.

The evidence objected to was offered for the further purpose of showing "the quality of the hay purchased by them." This was not a

---

* SMITH, J., having presided at the trial of this cause, did not sit.

question in issue. It was the quality of the hay *not purchased* by them which was material upon the question of the amount of damage sustained by the plaintiff from the alleged trespass; but the jury, having found that neither the defendants nor their horses took the plaintiff's hay, the admission of the testimony, which was competent on other grounds, cannot in any way have prejudiced the the plaintiff.

CUSHING, C. J. The evidence of Mcserve tended to show that he took away, by consent of the plaintiff, the hay which the defendants were charged with taking from the top of the other mows, and was admissible for that purpose. No reason is apparent to me why the whole that was said by Brown should not be heard. The verdict being for the defendants, the plaintiff could not be prejudiced by any influence that part of the testimony might have had upon the damages.

LADD, J., concurred.

The exception is overruled, and there must be
*Judgment on the verdict.*